IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| MIKE RECORDS, | )<br>)<br>) |
| Petitioner, | )  Case No. CV  06-158-S-MHW<br>) |
| v. | )  **MEMORANDUM DECISION**<br>)  **AND ORDER** |
| MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security, | )<br>)<br>) |
| Respondent. | )<br>) |

**Introduction**

Currently pending before the Court for its consideration is Petitioner Mike Record's ("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of social security benefits, filed April 14, 2006. The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, the administrative record (AR) and for the reasons that follow, will affirm the decision of the Commissioner.

**I.**
**Procedural and Factual History**

Petitioner filed an application for Disability Insurance Benefits and Supplemental

---

[1] Michael J. Astrue is substituted for his predecessor Jo Anne B. Barnhart as Commissioner of the Social Security Administration.  Fed. R. Civ. P. 25(d).

**Memorandum Decision and Order - Page 1**

Security Income on November 10, 2003, alleging disability due to depression, dysthymic disorder and post-traumatic stress disorder (PTSD).[2]  Petitioner alleges his disability began on September 1, 1983.[3]  Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) Lloyd E. Hartford held a hearing on March 29, 2005, taking testimony from Petitioner, medical expert Dr. J. Michael Dennis and vocational expert Anne Aastum.  (AR 263-348.)  ALJ Hartford issued a decision finding Petitioner not disabled on August 25, 2005.  (AR 18-25.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner.  (AR 7-9.)  Petitioner appealed this final decision to this Court.  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 55 years old.  He has a high school education and does not have any past relevant work.

## II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, it must be determined whether the claimant is engaged in substantially gainful activity.  The ALJ found Petitioner had

---

[2] The record and the parties indicate that Petitioner had a prior period of disability benefits that ceased when he received an inheritance which exceeded the allowable resources limit.  (AR 19.)

[3] At the hearing, Petitioner agreed to amend his onset date to November 2000, the date that he was found disabled the first time he applied for benefits.  (AR 313.)  The ALJ stated that he would refuse to find an onset date any earlier than December 2002 because Petitioner had been found not disabled by the Disability Determination Services as of that date.  (AR 315-16.)  Petitioner contends that there is no evidence in the record that supports the ALJ in this regard.

**Memorandum Decision and Order - Page 2**

not engaged in substantial gainful activity since his alleged onset date.  At step two, it must be determined whether claimant suffers from a severe impairment.  The ALJ found Petitioner's depression and PTSD are "severe" within the meaning of the Regulations.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments.  If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  Because the ALJ found that Petitioner has no past relevant work, he proceeded to step five.  The burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.  At step five, based on a hypothetical individual with the same RFC and vocational profile as Petitioner, the vocational expert identified over a million jobs in the national economy that an individual with Petitioner's limitations could perform.  The ALJ accepted this finding of the vocational expert and found Petitioner capable of performing a significant amount of jobs in the national economy.

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be

determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).   Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

**Memorandum Decision and Order - Page 4**

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## IV.
## Discussion

### A.    Treating Physician's Opinion

Petitioner contends that the ALJ failed to give "specific and legitimate reasons" in support of his rejection of Dr. Steinberg's opinion that Petitioner meets Listing 12.04 and/or 12.06. Petitioner asserts that Dr. Steinberg's opinion is supported by his own chart notes, the chart notes of those who work in Dr. Steinberg's clinic, such as Ms. Schumacher, a nurse practitioner, as well as chart notes from prior treating physicians.

In his decision, the ALJ noted that he had considered the opinion of Dr. Steinberg found at Exhibit 7F,[4] but would not assign it controlling weight. The ALJ continued on to state that the doctor's own treatment notes, the medical record as a whole, and Petitioner's testimony and activities of daily living did not support the degree of limitation proposed by the Psychiatric Treatment Review form and Work Capacity Evaluation completed by Dr. Steinberg. The ALJ then noted that Dr. Steinberg's own notes indicated that Petitioner was within normal limits on

---

[4] Exhibit 7F is a Psychiatric Review Technique form in which Dr. Steinberg states that Petitioner meets the listing requirements for Impairments 12.02, 12.04 and 12.06.

**Memorandum Decision and Order - Page 5**

mental status examinations that were conducted. In the few paragraphs preceding his discussion of Dr. Steinberg's opinion, the ALJ discussed Petitioner's activities of daily living and testimony in detail, including how Petitioner was able to visit his family, go on dates, walk his dog, perform household chores, among other things. The ALJ noted that despite Petitioner's testimony that he suffered from decreased concentration and social isolation, a mental examination conducted in January 2004 found him within normal limits. The ALJ also cited to evidence from the medical records that indicated Petitioner had considerable improvement and partial resolution of his PTSD symptoms following the completion of individual therapy. (AR 22.)

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ may reject a treating or examining physician's uncontradicted opinion for "clear and convincing" reasons. *Id.* To reject the opinion of a treating physician which conflicts with an examining physician's opinion, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Id.*

If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *See id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett*

*v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999).

Petitioner relies on the case *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001) for the proposition that an ALJ is in error where he relies on the opinion of a consultative examining physician who saw the petitioner only once and rejects the opinion of the treating psychiatrist. In that case, the treating physician had provided a detailed letter describing petitioner's mental impairments. *Id*. at 1203. The Ninth Circuit found that the letter, in conjunction with the doctor's treatment notes, was evidence that petitioner was disabled at step three. *Id*.

Dr. Steinberg's opinion that Petitioner satisfied the qualifications for either a 12.04 or 12.06 Listing, and the degree of functional limitation he assessed, were conclusory statements in the form of a checklist. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting the ALJ gave minimal weight to the treating physician's opinion because it was "conclusory in the form of a checklist."). The opinion was also contradicted by Dr. Callao who had not examined Petitioner, but had reviewed his medical records and found Petitioner did not meet the Listing requirements and suffered only mild functional limitations. (AR 190-202.) The Court recognizes that less weight is placed on the opinion of a reviewing physician than a treating physician's opinion but it is not legal error for the ALJ to consider Dr. Callao's opinion in deciding how much weight to give to Dr. Steinberg's opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating and non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (stating that an ALJ can favor the opinion of a non-examining physician when the ALJ offers

**Memorandum Decision and Order - Page 7**

Case 1:06-cv-00158-MHW   Document 18   Filed 09/04/07   Page 8 of 11

specific and legitimate reasons that are supported by substantial evidence in the record.)

Because Dr. Steinberg's opinion conflicted with the opinion of Dr. Callao, the ALJ must give specific and legitimate reasons for not giving the opinion controlling weight, which he did. The ALJ noted that the medical record, including Dr. Steinberg's own treatment notes, did not support Dr. Steinberg's opinion. When the medical record as a whole does not support the physician's opinion, the ALJ may reject it. The record, as noted by the ALJ, indicated that Petitioner's condition was improving and his PTSD was partially resolved. (AR 117, 234.) The ALJ also noted that Dr. Steinberg's opinion was not supported by Petitioner's activities of daily living. This is another item that can be considered by the ALJ in determining what weight to give to a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ discussed these daily and social activities in an earlier paragraph in his decision. In that discussion, the ALJ noted that Petitioner, despite his claim of social isolation, took part in activities including visiting his family, attending a dinner party, playing cards with friends, attending barbeques, among other activities. He also noted that Petitioner is able to perform self-care, household chores, grocery shopping, as well as take his dog on walks and read books. (AR 22.)

The ALJ has stated specific and legitimate reasons for not assigning controlling weight to Dr. Steinberg's opinion, including that Dr. Steinberg's own treatment notes did not support his finding and evidence of Petitioner's activities of daily living. Additionally, the record as a whole does not appear to support Dr. Steinberg's opinion. Finally, if the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**Memorandum Decision and Order - Page 8**

B.  **Petitioner's Credibility**

Petitioner claims that the ALJ's finding that he was not "a persuasive witness" (AR 22) is not supported by substantial evidence and that the ALJ failed to specifically state what testimony is not credible and what facts in the record lead to that conclusion.

The ALJ stated that the medical record did not support to Petitioner's claims of being unable to function due to depression and PTSD, including low energy levels, decreased concentration, social isolation and panic attacks. The ALJ noted that at a consultative exam in January 2004, Petitioner was within normal limits and that his PTSD symptoms were improving with medication, although he still had some symptoms. That examiner also noted that Petitioner was alert and orientated and demonstrated good to fair memory, above average intelligence and could perform calculations and demonstrated good insight.

The ALJ noted conflicts between Petitioner's claims of social isolation and his social activities such as going on dates, attending a dinner party, visiting his family, attending barbeques and playing cards with friends. The ALJ observed that Petitioner performs all of his own self-care, household chores and grocery shopping. He also reads books, enjoys photography and walks his dog daily. The ALJ also pointed to treatment notes in the medical record that indicate Petitioner's mood was improving following treatment and that his PTSD symptoms were partially resolved. (AR 22.)

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Id*. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's

subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (an ALJ may not discredit a claimant's subjective testimony on the basis that there is no objective medical evidence that supports the testimony.) General findings are insufficient, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider: location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

The ALJ gave specific reasons for rejecting portions of Petitioner's testimony. These reasons are supported by substantial evidence in the record. He noted conflicts between Petitioner's testimony and his conduct. For example, Petitioner testified to not be socially active yet the record shows that he engaged in various social activities over the years. The ALJ also noted that Petitioner's daily activities, such as going on walks, visiting with friends, and doing

household chores, did not support the severity of limitations he claimed. Lastly, the ALJ observed that treatment notes indicated that therapy had improved Petitioner's symptoms and his mental status evaluations were within normal limits. As stated above, it is the ALJ's job to determine credibility. *See Meanel*, 172 F.3d at 1113. If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). The Court finds that there is substantial evidence in the record to support the ALJ's finding that Petitioner is not fully credible.

## V.
## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.

DATED: September 4, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge